# United States Court of Appeals
## For the First Circuit

---

No. 24-1368

CURTIS L. HOWELL,

Plaintiff - Appellant,

v.

MASSACHUSETTS BAY TRANSPORTATION AUTHORITY; MAYOR OF BOSTON; BOSTON POLICE DEPARTMENT,

Defendants - Appellees.

---

Before

Barron, *Chief Judge*,
Gelpí and Rikelman, *Circuit Judges*.

---

**JUDGMENT**

Entered: September 24, 2024

Pro se plaintiff-appellant Curtis Howell appeals from the sua sponte dismissal of his civil action. The district court dismissed at the screening stage and did not first give notice of perceived defects and an opportunity to amend the complaint. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (allowing district court to dismiss an IFP action at any time if the court determines that the action fails to state a claim on which relief may be granted); *Bradshaw* v. *Corr. Med. Servs., Inc.*, 6 F. App'x 45, 46 (1st Cir. 2001) (unpublished per curiam) (reviewing screening dismissals for failure to state a claim de novo).

Howell has filed a "petition for rehearing," which the court construes as Howell's opening brief. Following a careful review of the arguments presented on appeal and relevant portions of the record, we conclude that the appeal presents "no substantial question" and that summary affirmance is in order. 1st Cir. R. 27.0(c). Howell has not sufficiently developed any claims of error and thus has not demonstrated error in the district court's dismissal. *See United States* v. *Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."). In any event, based on the content of Howell's complaint, we conclude that dismissal at the screening stage was in order. We arrive at this conclusion substantially for the reasons set out by the district court when

it dismissed the complaint. Finally, we note that, on appeal, Howell complains that he was entitled to an opportunity to amend his complaint, but he has not identified any potential amendment to the complaint that might have rendered his claims plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (plausibility standard).

Howell's request for the appointment of counsel, which was embedded in his "petition for rehearing," is denied. See 28 U.S.C. § 1915(e)(1); King v. Greenblatt, 149 F.3d 9, 14 (1st Cir. 1998) (no constitutional right to counsel in a civil case). All other pending motions, to the extent not mooted by the foregoing, are denied.

Affirmed. See 1st Cir. R. 27.0(c).

By the Court:

Maria R. Hamilton, Clerk

cc:
Curtis L. Howell
Andrea J. Campbell